Eliseo **ROSALES**, a/k/a Israel Lopez, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 08–92–00133–CR.

Court of Appeals of Texas, El Paso.

Nov. 17, 1993.

Lawrence B. Mitchell, Dallas, for appellant.

John Vance, Criminal Dist. Atty., Dallas, for state.

Before OSBORN, C.J., and BARAJAS and LARSEN, JJ.

*OPINION*

LARSEN, Justice.

Eliseo Rosales appeals from a conviction for the offense of delivery of marihuana. Upon a plea of guilty, the jury found appellant guilty and assessed punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for 20 years and a fine of $10,000. We reverse the trial court's judgment.

In his first point of error, appellant asserts that the trial court erred by admitting certified copies of court documents showing a prior felony conviction for the offense of possession of marihuana. Appellant alleges error in the admission of these documents because the State failed to establish that appellant was the same person who had been so previously convicted. We agree.

After appellant entered his plea of guilty, a unitary proceeding, rather than a bifurcated trial, was held. TEX.CODE CRIM.PROC.ANN. art. 26.14 (Vernon 1989); *Frame v. State,* 615 S.W.2d 766, 767 (Tex.Crim.App.1981). A judicial confession to the charged offense and a written stipulation of evidence, signed by appellant on the day of trial, were admitted into evidence. Other evidence was submitted by

the State, including testimony from the arresting police officers concerning the facts of the charged offense. The evidence showed that appellant had delivered one pound of marihuana to undercover police officers in violation of TEX.HEALTH & SAFETY CODE ANN. § 481.120(a) and (b)(4) (Vernon 1992).[1] Appellant's wife testified on his behalf.

During rebuttal, the State offered Exhibit 30 which was a packet consisting of duplicates of certified copies of the indictment, judgment, combined sentence and probation order, waivers, and order revoking probation in cause number 520, in the 83rd District Court of Jeff Davis County, for the felony offense of possession of marihuana. The defendant's name in that cause was Eliseo Villa Rosales. The State had apparently received the facsimile documents contained in Exhibit 30 by means of telecopier transmittal. Appellant objected to the admission of this exhibit on the ground that it was not sufficiently linked to him. The State argued that Exhibit 30 was properly authenticated by virtue of the clerk's certification and urged that the jury was permitted to compare the defendant's handwriting in the conviction records with appellant's handwriting on the judicial confession and stipulation. It was the State's position that the jury could make this comparison pursuant to TEX.R.CRIM. EVID. 901(a) and 901(b)(3) in order to determine whether appellant was the same person that had been so previously convicted. The trial court overruled appellant's objection and the exhibit was admitted.

■ It is well settled that a prior conviction alleged for enhancement or as a part of a criminal record of a defendant under TEX. CODE CRIM.PROC.ANN. art. 37.07, § 3(a) (Vernon Supp.1993), may be established by certified copies of a judgment and a sentence and authenticated copies of the penitentiary records including fingerprints, supported by expert testimony identifying them as identical with known prints of the defendant. *Beck v. State,* 719 S.W.2d 205, 209 (Tex.Crim.App. 1986). While this may be the most popular method of proving a prior conviction, it is

only one method or way of proving prior convictions. *Id.,* at 209. Many other methods have been used and found to be sufficient. *See, e.g., Littles v. State,* 726 S.W.2d 26 (Tex.Crim.App.1987) (opinion on rehearing) (combination of expert testimony concerning fingerprint comparison and photograph comparison by jury); *Gollin v. State,* 554 S.W.2d 683 (Tex.Crim.App.1977) (testimony that photograph and physical description in pen packet was the defendant); *Garza v. State,* 548 S.W.2d 55 (Tex.Crim.App.1977) (stipulations of a defendant); and *Ward v. State,* 505 S.W.2d 832 (Tex.Crim.App.1974) (testimony of a witness who personally knows the defendant and the fact of his prior conviction). These methods are not exclusive.

■ Significant to resolution of this point of error, there is a distinction to be made between a determination that a prior conviction has been sufficiently linked to a defendant to permit its admission and a determination that the evidence is sufficient to prove a prior conviction. The first inquiry is procedural and is primarily one of conditional relevancy, while the second inquiry is one of sufficiency. Appellant does not attack the sufficiency of the evidence to prove the prior conviction. Rather, at trial and now on appeal, he urges that it was error to admit Exhibit 30 because it was not sufficiently linked to him. Therefore, appellant's complaint is directed toward the conditional relevancy of Exhibit 30.

■ Evidence should not be excluded merely because its relevance may depend upon the production of additional evidence at a later point in the trial or because its probative strength is alone insufficient to prove a significant fact. *Fuller v. State,* 829 S.W.2d 191, 197 (Tex.Crim.App.1992); TEX.R.CRIM. EVID. 104(b). When properly authenticated copies of the convicting court's judgment and sentence are used, they are admissible at trial. TEX.R.CRIM.EVID. 901(b)(7), 902(2), and 902(4); see *Beck,* 719 S.W.2d at 210. However, the relevance of records showing a prior criminal conviction is conditioned upon the introduction of evidence sufficient to support

---

1. Appellant was also charged by separate indictment with aggravated delivery of marihuana in violation of TEX.HEALTH & SAFETY CODE ANN. § 481.-120(a), (c), and (d)(2) (Vernon 1992). The cases were joined for trial, and appellant entered pleas of guilty to both charges before the jury.

a finding that the defendant on trial is the same person as the one previously convicted. *See Beck*, 719 S.W.2d at 210–11; see also *Cain v. State*, 468 S.W.2d 856 (Tex.Crim.App. 1971); *Vessels v. State*, 432 S.W.2d 108 (Tex. Crim.App.1968).

■■■ When authenticated copies of the conviction records are offered into evidence in an effort to prove a prior conviction as a part of a defendant's "prior criminal record," it is not essential that the supporting evidence as to identification precede the admission of the evidence. *Beck*, 719 S.W.2d at 210; TEX.R.CRIM.EVID. 104(b). If after all proof on the fact in question has been received, the evidence does not in the aggregate support a rational finding that the defendant is the same person as the one previously convicted, the fact finder should not be allowed to consider the evidence of the conviction. *See Fuller*, 829 S.W.2d at 197; *Beck*, 719 S.W.2d at 210–11. In the case of evidentiary facts, it means that a motion to strike should be granted to withdraw the evidence from consideration. *Fuller*, 829 S.W.2d at 197.

At the time the State offered Exhibit 30 and appellant raised his objection, it was clear that no further evidence would be offered by the State. The State rested its case immediately after securing its admission. Since no further evidence was forthcoming, and in light of appellant's objection, it was incumbent upon the trial court to determine whether the evidence supported a rational finding that appellant was the same person as the defendant shown to be previously convicted in Exhibit 30.

In order to meet its burden of identifying appellant as the same person who had been previously convicted, the State used the unorthodox method of permitting the jury to compare the signatures of the defendant found in the prior conviction with the known signatures of the defendant introduced during the trial of this cause. There is nothing in the record to suggest why no other evidence was offered by the State to aid in establishing that appellant was the same person previously convicted. This Court has found no cases sanctioning such a procedure. In fact, two cases have expressly held that

comparison by the jury of the accused's signature with that of the defendant found in the records of conviction was insufficient to permit admission of the evidence in the absence of any other evidence to connect the defendant to the prior conviction. *Smith v. State*, 489 S.W.2d 920 (Tex.Crim.App.1973); *Cain*, 468 S.W.2d at 856.

The State contends that *Cain* was overruled by *Littles v. State*, and by the adoption of the Rules of Criminal Evidence, in particular, Rule 901. We disagree. *Littles* overruled *Cain* only to the extent that *Cain* holds that there are exclusive manners of proof of a defendant's identity as to prior felonies. *Littles*, 726 S.W.2d at 32.

In support of the admission of Exhibit 30, the State relies upon TEX.R.CRIM.EVID. 901(a) and 901(b)(3) to permit identification of appellant as the same person previously convicted by means of handwriting comparison by the jury. This is quite similar to the argument made by the State in *Cain*, where it was claimed that Article 38.27 of the Texas Code of Criminal Procedure permitted the jury to use handwriting comparison to establish the defendant's identity as the same person previously convicted. See *Cain*, 468 S.W.2d at 858–59. Similar to Article 38.27, Rule 901(b)(3) merely authorizes the authentication of evidence by allowing the trier of fact to make a comparison between the proffered evidence and a genuine specimen. In this case, the records of the conviction were authenticated by other means, namely, certification by the clerk of the convicting court. The authentication of an item of evidence cannot answer the question whether the evidence is relevant in a particular defendant's trial.

■■■ The only evidence in this case that appellant was the same defendant previously convicted was the arguable similarity of the signatures in Exhibit 30 with those found on the judicial confession and stipulation. Without more, the evidence does not in the aggregate support a rational finding that the defendant is the same person as the one previously convicted. Consequently, the relevance of Exhibit 30 was not sufficiently established to permit its admission before the

jury, and we find that the trial court abused its discretion by admitting Exhibit 30. Appellant's first point of error is sustained.

■ The prior conviction improperly admitted was for felony possession of marihuana which obviously related to the delivery of marihuana charge for which appellant was on trial. Appellant was assessed the maximum sentence and fine permitted under the law for this offense. This Court cannot conclude beyond a reasonable doubt that the erroneous admission of the evidence of a prior felony conviction made no contribution to the punishment assessed. TEX.R.APP.P. 81(b)(2); *Harris v. State,* 790 S.W.2d 568 (Tex.Crim. App.1990). The judgment of the trial court is reversed and the cause is remanded for proceedings consistent with TEX.CODE CRIM. PROC.ANN. art. 37.07 (Vernon 1981 and Supp. 1993).[2]

---

2. TEX.CODE CRIM.PROC ANN. art. 44.29(b) (Vernon Supp.1993) provides in pertinent part as follows:

> If the court of appeals or the Court of Criminal Appeals awards a new trial to a defendant other than a defendant convicted of an offense under Section 19.03, Penal Code, only on the basis of an error or errors made in the punishment stage of the trial, the cause shall stand as it would have stood in case the new trial had been granted by the court below, *except that the court shall have commence the new trial as if a finding of guilt had been returned and proceed to the punishment stage of the trial under Subsection (b), Section 2, Article 37.07, of this code.* [Emphasis added].

Insofar as the complained-of error did not occur in the guilt or innocence stage of the trial, or in both the guilt or innocence stage of the trial and the punishment stage of the trial, the case is remanded for a new punishment hearing only. See TEX.CODE CRIM.PROC.ANN. art. 44.29(a).