NUMBER 13-01-00258-CR

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                      CORPUS CHRISTI B
EDINBURG

______________________________________________________________

 

SHANE
MANTHE,                                                                 Appellant,

 

                                                   v.

 

THE
STATE OF TEXAS,                                                          Appellee.

______________________________________________________________

                                                    

        On appeal from the 411th District
Court of Polk County, Texas.

______________________________________________________________

 

                                   O P I N I
O N

 

                       Before Justices Dorsey, Yañez, and Baird[1]

                                   Opinion by
Justice Baird

 








Appellant was charged by indictment with the felony offense of
driving while intoxicated.  A jury
convicted appellant of the charged offense, and the trial court assessed
punishment at six years confinement in the Texas Department of Criminal
Justice--Institutional Division. 
Appellant raises one point of error. 
We affirm.

Appellant contends the evidence is insufficient to prove he is
the same individual previously convicted of the misdemeanor offense of driving
while intoxicated on November 4, 1998, in cause no. 98-4227, as alleged in the
indictment.  The State called Detective
Ken Bohnert, a fingerprint analyst, who compared appellant=s known fingerprints with a fingerprint on State=s exhibit 4, the judgment in cause no. 98-4227.  Although Bohnert formed an opinion as to
whether the fingerprints were from the same individual, he did not state that
opinion.  Nevertheless, the State offered
the exhibit and it was admitted without objection.








In his brief, appellant argues the failure of Bohnert to
testify that appellant was the same individual convicted in cause no. 98-4227
renders the evidence insufficient. 
However, at oral argument, counsel for appellant conceded this issue is
controlled by several cases which hold there is a distinction between a
determination that a prior conviction has been sufficiently linked to a
defendant to permit its admission, and a determination that the evidence is
sufficient to prove a prior conviction.  Rosales
v. State, 867 S.W.2d 70, 72 (Tex. App.BEl Paso 1993, no writ). 
The first inquiry is one of conditional relevancy, while the second
inquiry is one of sufficiency.  Id.;
see also Smith v. State, 998 S.W.2d 683, 687 (Tex. App.BCorpus Christi 1999, pet. ref'd) (AEstablishing the identity of the defendant is a procedural
matter entailing a question of conditional relevance.@).  Under the doctrine of
conditional relevance, a trial judge may admit evidence lacking authentication
on the condition that the offering party authenticate the evidence, or connect
it up, at a later time.  Tex. R. Evid. 104(b); Fuller v.
State, 829 S.W.2d 191, 198‑99 (Tex. Crim. App. 1992).  If sufficient authentication or connection
does not appear by the close of the proponent's evidence, the opposing party
must renew the original objection by a motion to strike the conditionally
admitted evidence.  Heidelberg v.
State, 36 S.W.3d 668, 673 (Tex. App.BHouston [14th Dist.] 2001, no pet.).  Failure to do so constitutes waiver by the
opposing party for purposes of appeal.  Id.

In reviewing the sufficiency of the evidence, the appellate
court must look at all the evidence. 
This is true even when the evidence is improperly or erroneously
admitted.  Miles v. State, 918
S.W.2d 511, 512 (Tex. Crim. App. 1996); Alexander v. State, 866
S.W.2d 1, 3 (Tex. Crim. App. 1993). 
Therefore, we must consider State=s exhibit four
in our sufficiency determination even though at the time of its admission it
was not relevant because it had not been linked to appellant.   Rosales, 867 S.W.2d 72-3 (A[T]he relevance
of records showing a prior criminal conviction is conditioned upon the
introduction of evidence sufficient to support a finding that the defendant on
trial is the same person as the one previously convicted.@)  When State=s exhibit four is considered in our sufficiency
analysis, we hold the evidence is sufficient to sustain the jury=s verdict.  Jackson v. Virginia, 443 U.S. 307, 318‑19
(1979).  Appellant=s sole point of
error is overruled.

The judgment of
the trial court is affirmed.

 

                                                     


CHARLES F.
BAIRD

Justice

 

Do not publish.  

Tex. R. App. P. 47.3.

 

Opinion delivered and filed this 

the 20th day of June, 2002.











[1]
Former Court of Criminal Appeals Judge Charles F. Baird assigned to this
Court by the Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov=t Code Ann. '
74.003 (Vernon 1998).