COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

JUAN MANUEL URQUIDEZ, JR.,                      )

                                                                              )              
No.  08-01-00300-CR

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )                
70th District Court

THE STATE OF TEXAS,                                     )

                                                                              )            
of Ector County, Texas

Appellee.                           )

                                                                              )                   (TC# A-28,316)

                                                                              )

 

 

O
P I N I O N

 

Appellant, Juan
Manuel Urquidez, Jr., was tried and found guilty by a jury of the felony
offense of driving while intoxicated.  He
pled Atrue@ to the enhancement paragraphs of the
indictment and was sentenced by the trial court to 25 years= incarceration.  Appellant now brings this appeal raising
three issues:  (1) whether the trial
court erred in admitting State=s
Exhibit No.1 over the objection of Appellant; (2) whether the trial court erred
in not striking State=s
Exhibit No. 2 as per the motion of Appellant; (3) whether the evidence was
legally sufficient to support the conviction. 
We will affirm.

BACKGROUND








Shortly after 2
a.m. on June 15, 2000, troopers from the Department of Public Safety were
dispatched to the scene of an accident at the intersection of 16th Street and
Loop 338 in Ector County.  A single-car
accident had occurred when Appellant drove his white Isuzu pick-up truck off an
elevated portion of the roadway.  At the
time of the accident, Appellant was traveling alone.  Before Appellant was transported from the
scene of the accident to the hospital, he spoke briefly to Trooper Jarzombek
and admitted he was the driver of the vehicle. 
He also admitted to drinking some alcohol prior to the accident.  The troopers found multiple bottles of beer,
most of them broken, in the bed of the truck and around the accident area.  Appellant was taken to the hospital for
treatment and later released.  Several
days later, he was arrested for driving while intoxicated.

At trial, the
State called four witnesses and offered four exhibits in support of the
prosecution.  Trooper Jarzombek testified
about the accident scene and Appellant=s
demeanor at the time of the accident and later at the hospital.  He told the jury, Appellant initially
admitted he had been drinking alcohol, but later claimed otherwise.  He also testified that Appellant was confused
about the time of day, had glassy and bloodshot eyes, and smelled like alcohol
when he spoke with him after the accident. 
Trooper Jarzombek also indicated Appellant had refused to give a blood
specimen, and due to the injuries he sustained, was unable to perform any field
sobriety tests.  Trooper Jarzombek
testified that based on his observations and interactions with Appellant, he
concluded Appellant was intoxicated the night of the accident.








Trooper McNeil
also testified on behalf of the State. 
He stated that he was present with Trooper Jarzombek at the scene of the
accident and had assisted in the investigation. 
Trooper McNeil was primarily responsible for inventorying Appellant=s vehicle and reconstructing the
accident.  According to his testimony,
multiple bottles of beer were found in the bed of the truck.  He was uncertain whether any alcohol had been
found in the interior cab of the truck. 
He also discovered a bottle of vodka near the accident scene, but could
not establish whether it came from Appellant=s
vehicle or not.  Based on his
observations, Trooper McNeil concluded Appellant had been traveling North in the
southbound lanes of Loop 338, veered across the median, and then ran off the
overpass and landed below on West 16th Street. 


Through the
testimony of Deputy Underwood of the Crane County Sheriff=s Department, the State offered State=s Exhibit No. 1.  This exhibit consists of two documents:  (1) a fingerprint card bearing Appellant=s fingerprints and dated April 10,
1986; and (2) an arrest record for Appellant indicating he was arrested for
driving while intoxicated and resisting arrest in Crane County on January 18,
1991.  Deputy Underwood testified that at
the time of the arrest in 1991, it was the policy and procedure of the Sheriff=s Department to check contemporary
arrest records against previous records. 
She explained that if the department had previously taken a set of
fingerprints on a particular offender, then a duplicate set of prints would not
be taken.  The original set of prints
would accompany the offender=s
records for the subsequent offenses. 
Accordingly, the fingerprint card bearing Appellant=s prints from 1986 accompanied his
arrest record for the offenses in 1991.

The trial court
also admitted State=s Exhibit
No. 2 and State=s Exhibit
No. 3.  State=s
Exhibit No. 2 contains a certified copy of Appellant=s
1991 DWI conviction in Crane County. 
State=s Exhibit
No. 3 contains records of an additional judgment and sentence against Appellant
for driving while intoxicated in Ector County in 1996.  These records include Appellant=s fingerprints, taken in July 1996, and
included on the documentation of the Ector County Court Judgment.

 








The State=s final witness was Shelly Stanford, a
fingerprint expert, who took Appellant=s
fingerprints on the day of the trial. 
Ms. Stanford testified that the three sets of fingerprints matched. The
fingerprints taken the day of trial were admitted as State=s Exhibit No. 4. 

The jury found
Appellant guilty of felony driving while intoxicated.  Appellant elected sentencing by the court and
received a sentence of twenty-five years=
incarceration.  The instance appeal was
timely filed.

With his first two
issues, Appellant essentially complains the trial court erred in admitting two
exhibits into evidence.  Because the
proper admission of both pieces of evidence rests on a question of conditional
relevancy, we will address the issues together. 
Because Appellant challenges the trial court=s
evidentiary rulings, we will review the issues under an abuse of discretion
standard.  Montgomery v. State,
810 S.W.2d 372, 391 (Tex.Crim.App. 1991)(Opin. on reh=g).  If the court=s
rulings fall within the zone of reasonable disagreement, they will not be
disturbed.  Id.

Appellant first
complains the trial court erred in admitting State=s
Exhibit No. 1.  Appellant objected to the
admission of the exhibit at trial on the basis of relevance.  He also argued admission was improper because
the fingerprint card was dated five years earlier than the accompanying arrest
records from 1991.  Appellant=s objection was overruled and the
records were admitted.  Appellant
concedes the fingerprints contained on 1986 card were proven to be his
own.  However, Appellant now argues
admission of the fingerprint card was improper because the card itself lists no
offense, cause number, or court.  He also
notes the booking sheet admitted as part of State=s
Exhibit No. 1 also fails to include a cause number or convicting court.  

 








With his second
issue, Appellant argues the trial court erred by not granting his motion to
strike State=s Exhibit
No. 2 at the close of the State=s
case-in-chief.  State=s Exhibit No. 2 is a packet of
information related to Appellant=s
prior conviction for driving while intoxicated in Crane County from 1991.  The packet includes:  (1) the Information and Complaint
filed by the County Attorney in cause number 5153, identifying Juan Manuel
Urquidez, Jr. as the offender and listing the date of the offense; (2) a signed
document entitled, Waiver Of Proceeding, indicating the Defendant, Juan
Manuel Urquidez, Jr., voluntarily pled guilty to the offense as charged; and
(3) the judgment and sentence of the trial court.  The judgment from the trial court is signed
by the court, but does not include the signature or fingerprints of the
defendant affixed on the document.

Establishing the
identity of a defendant is a procedural matter involving a question of
conditional relevance.  Rosales v.
State, 867 S.W.2d 70, 72 (Tex.App.--El Paso 1993, no pet.).  The relevance of a piece of evidence offered
to prove a prior conviction is conditioned upon the production of evidence sufficient
to show the defendants are one and the same person.  Beck v. State, 719 S.W.2d 205, 210-11
(Tex.Crim.App. 1986).  Evidence should
not be excluded because its probative strength is alone insufficient to prove a
significant fact.  Rosales, 867
S.W.2d at 72.  Nor should evidence be
excluded because its relevance may depend upon the production of additional
evidence at a later point in trial.  Id.








AWhere proof of a prior conviction is a
jurisdictional element, the fact of the prior conviction, including the
identity of the accused, must be proven beyond a reasonable doubt.@ 
Zimmer v. State, 989 S.W.2d 48, 50 (Tex.App.--San Antonio 1998,
pet. ref=d).  There must be evidence of identity
independent of or in addition to the evidence shown in a penitentiary packet or
similar records.  If independent evidence
of identity is not established, the records of a prior conviction are not
admissible and should be struck from the record.  Beck, 719 S.W.2d at 210.

Proof of prior
convictions for enhancement purposes may be established by a variety of
approaches and types of evidence.  See
Rosales, 867 S.W.2d at 72 (where the court describes a number of methods
approved by the Court of Criminal Appeals in various cases).  The most common method of proving a prior
conviction is through the introduction of certified copies of a judgment and
sentence and authenticated copies of penitentiary records including
fingerprints.  This evidence is then
supported by expert testimony identifying the fingerprints in the judgment
and/or penitentiary packet as identical to with known prints of the defendant
on trial.  Beck, 719 S.W.2d at
209.

In this case, Appellant
objected to the relevance of the fingerprint card included in State=s Exhibit No. 1 at trial.  The State explained that the documents,
including the fingerprint card, were offered to prove Appellant was the same
individual previously convicted in Cause Number 5153 in Crane County as alleged
in the indictment.  The prosecutor
indicated other evidence and testimony would further support this assertion.  Additionally, the State noted that Appellant=s concerns related to the weight and
credibility given the evidence, not the admissibility of the exhibit.








Appellant also
objected to the admission of State=s
Exhibit No. 2 when it was initially offered. 
The court overruled the objection and admitted the evidence on the
condition the State prove the identity of Appellant and the identity of the
individual named in the prior conviction were one and the same.  At the conclusion of the State=s presentation of evidence, Appellant
moved to strike State=s
Exhibit No. 2, arguing the State failed to prove the necessary element of
identity.  The motion was overruled.

The testimony of
Deputy Underwood established the relevance of the fingerprint card dated from
1986.  As she explained, the older set of
prints were designated as belonging to an 
individual arrested in 1991. 
Additionally, the testimony of Shelley Stanford established the prints
on the card to be those of the Appellant. 
The court=s
decision to admit State=s
Exhibit No. 1 over the relevance objection of Appellant was not an abuse
of discretion.  The State established the
relevance of the exhibit and the trial court=s
decision certainly fell within the zone of reasonable disagreement.

With regard to the
court=s
decision to admit State=s
Exhibit No. 2 and overrule Appellant=s
motion to strike, the trial court was required to consider the evidence in
aggregate and determine whether the State had adduced sufficient evidence to
prove the prior conviction.  Appellant=s argument at trial and now on appeal
focuses largely on whether the State established the element of identity.








The arrest records
included in State=s Exhibit
No. 1 identified the arrestee as Juan Urquidez, Jr., with the alias of AJohnnie.@  The document also includes the Social
Security Number of the arrestee.  These
records indicate the arrest occurred on January 18, 1991.  The individual was arrested for DWI and
Resisting Arrest.  Both the fingerprint
card and the arrest documentation included in State=s
Exhibit No. 1 are signed by AJohnny
Urquidez.@  The signatures from both documents appear to
be signed by the same person.  The Information
and Complaint included in State=s
Exhibit No. 2 indicate AJuan
Manuel Urquidez Jr.@
committed the offense of driving while intoxicated on January 18, 1991.  The offense designated and the date
corresponds with the arrest documentation provided in State=s Exhibit No. 1.  In addition to State=s
Exhibits Nos. 1 and 2, the court also had other evidence linking Appellant to
the prior conviction in 1991 and establishing him as the same person identified
in the documentary evidence discussed. 
As previously discussed, the testimony of Shelley Stanford, coupled with
State=s Exhibit
No. 4 and the fingerprint evidence contained in State=s
Exhibit No. 3, established the fingerprints contained in State=s Exhibit No. 1 to be those of
Appellant.

When this evidence
is viewed in the aggregate, it does support a rational finding that Appellant
is the same person convicted for driving while intoxicated under cause number
5153 in 1991.  Accordingly, the court
properly admitted the evidence.  No abuse
of discretion is shown.  Appellant=s first two issues on appeal are
overruled.

Appellant=s final issue challenges the legal sufficiency
of evidence to support his conviction for felony driving while intoxicated
under Section 49.09 of the Texas Penal Code. 
Appellant=s claim
appears to be limited to whether the State provided sufficient evidence of two
prior convictions.  He maintains the
evidence was insufficient to prove a second conviction and urges this Court to
enter a verdict of acquittal because proof of the charged offense fails.








In reviewing the
sufficiency of evidence the appellate court views the evidence in the light
most favorable to the verdict to determine whether any rational trier of fact
could have found the essential elements of the crime.  Jackson v. Virginia, 443 U.S. 307,
318-19, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); Butler v. State,
769 S.W.2d 234, 239 (Tex.Crim.App. 1989); Todd v. State, 911 S.W.2d 807,
814 (Tex.App.--El Paso 1995, no pet.). 
The same standard is used in reviewing the sufficiency of both direct
and circumstantial evidence.  Geesa v.
State, 820 S.W.2d 154, 159-161 (Tex.Crim.App. 1991); Todd, 911
S.W.2d at 814.  The role of the appellate
court is not to judge the credibility of the evidence presented or to
substitute our evaluation of the facts for those of the fact finder.  Sharpe v. State, 881 S.W.2d 487, 488
(Tex.App.--El Paso 1994, no pet.). 
Instead, the reviewing court serves as the final due process safeguard
and surety of the fact finder=s
rationality.  Id. at 488-89.  Our sole determination is whether the
explicit and implicit findings of the trier of fact are rational by viewing all
the evidence in a light most favorable to the verdict.  Lucero v. State, 915 S.W.2d 612, 614
(Tex.App.--El Paso 1996, pet. ref=d).  Any inconsistencies in the evidence are
resolved in favor of the verdict.  Id.

Felony
DWI

Driving while
intoxicated is a felony when the offender has been twice previously convicted
of driving while intoxicated or a similar offense.  See Tex.Pen.Code Ann.' 49.09(b) (Vernon 2003).  Therefore, in the case sub judice the
State was required to prove Appellant committed the offense of driving while
intoxicated as alleged, and that he had also been twice previously convicted as
alleged.  Barfield v. State, 63
S.W.3d 446, 448 (Tex.Crim.App. 2001). 
Having found the trial court=s
admission of evidence proper under Appellant=s
Issues One and Two, we decline to accept Appellant=s
argument that State=s Exhibit
No. 2 should not have been admitted into evidence.  As discussed previously, the State presented
ample evidence of the second conviction. 
After viewing all of the evidence in the light most favorable to the
verdict, we find any rational trier of fact could have found the essential
elements of felony driving while intoxicated. 
Jackson v. Virginia, 443 U.S. at 318-19, 99 S.Ct. at 2781; Butler,
769 S.W.2d at 239; Todd, 911 S.W.2d at 814.  Appellant=s
third issue is overruled.








The judgment of
the trial court is affirmed.

 

 

May
1, 2003

DAVID WELLINGTON
CHEW, Justice

 

Before Panel No. 3

Barajas, C.J., Larsen, and Chew, JJ.

 

(Do Not Publish)