MEMORANDUM OPINION

No. 04-04-00330-CR

Michael MACKEY,
Appellant

v.

The STATE of Texas,
Appellee

From the 186th Judicial District Court, Bexar County, Texas
Trial Court No. 2002-CR-1750B
Honorable Maria Teresa Herr, Judge Presiding
 
Opinion by:    Alma L. López, Chief Justice
 
Sitting:            Alma L. López, Chief Justice
Catherine Stone, Justice
Karen Angelini, Justice

Delivered and Filed:   February 9, 2005

AFFIRMED
            Michael Mackey appeals his conviction for aggravated assault with a deadly weapon. On
appeal, Mackey complains that the trial court erred in admitting evidence of two prior juvenile
adjudications during the punishment phase of the trial. Mackey argues that the State failed to
sufficiently link him to the two prior adjudications. We affirm the judgment of the trial court.
 
Discussion
            In support of his argument that the State failed to sufficiently link him to two of the prior
adjudications, Mackey notes that the State did not offer any expert testimony as to fingerprints and
did not introduce any photographs of the person involved in the two prior adjudications. Mackey
maintains that this type of evidence was necessary because the only evidence linking him to the prior
adjudications is the same name and date of birth.
The Texas Code of Criminal Procedure provides that during the punishment phase, a trial
court may admit evidence of prior criminal convictions. Tex. Code Crim. Proc. Ann. art. 37.07,
§ 3(a) (Vernon Supp. 2004). Although certified copies of Mackey’s prior judgments and sentences
are admissible, these documents standing alone are not sufficient to prove his prior convictions. 
Tex. R. Evid. 901(b)(7); Beck v. State, 719 S.W.2d 205, 210 (Tex. Crim. App. 1986). In addition
to offering certified copies of the judgments and sentences, the State must offer evidence showing
Mackey was the same person named in the prior convictions. Id.; see also Howard v. State, 896
S.W.2d 401, 405 (Tex. App. –Amarillo 1995, pet. ref'd); Rosales v. State, 867 S.W.2d 70, 72 (Tex.
App. –El Paso 1993, no pet.). Without the evidence linking Mackey to the prior convictions, the
prior convictions are not relevant. Rosales, 867 S.W.2d at 72.
The Court of Criminal Appeals has recognized four ways to prove prior convictions: (1)
testimony of a witness who personally knows the defendant and the fact of his prior conviction; (2)
stipulation or judicial admission of the defendant that he has been so convicted; (3) introduction of
certified copies of the judgment, sentence, and record of the Texas Department of Corrections or a
county jail including fingerprints of the accused supported by expert testimony identifying them with
known prints of the defendant; or (4) comparison by the fact finder of a record of conviction which
contains photographs and a detailed physical description of the named person, with the appearance
of the defendant, present in court. Daniel v. State, 585 S.W.2d 688, 690-91 (Tex. Crim. App. 1979)
(citations omitted). These methods are not exclusive. Littles v. State, 726 S.W.2d 26, 28 (Tex.
Crim. App. 1984). Evidence sufficient to link Mackey to the prior convictions can also include
identification information, such as name, gender and date of birth. Williams v. State, 946 S.W.2d
886, 895 (Tex. App. –Waco 1997, no pet.).
At the beginning of the punishment phase, Mackey pled “True” to the enhancement
allegation, Cause No. 98 JUV00761, a prior adjudication for possession of a controlled substance
with intent to deliver. A certified copy of that adjudication was introduced into evidence, which
identified the individual found delinquent as Michael Mackey, male, and indicated the individual’s
date of birth. Additionally, that documentation identified Mackey’s mother and the identification
number assigned to him upon entry to the Bexar County Jail (SID number). The certified copies of
the two additional adjudications of which Mackey complains contain the same identifying
information: name, gender, date of birth, mother and SID number.
Additionally, Patrick Williams, a parole officer with the Texas Youth Commission, testified
at trial. Williams identified Mackey as the person he supervised for over two years. Williams
testified that during the time he supervised Mackey, he conducted an in-home assessment with
Mackey’s mother, held hearings with Mackey regarding parole violations and visited Mackey in the
hospital. Williams stated that Mackey was the individual connected with all three adjudications.
When considered in the aggregate, the matching identifying information and the testimony
of Williams support a rational finding that Mackey is the same person named in the prior
adjudications. See Beck, 719 S.W.2d at 210-11; Rosales, 867 S.W.2d at 72-73. The prior
adjudications were sufficiently linked to Mackey; therefore, the trial court did not err in admitting
certified copies of the adjudications. The judgment of the trial court is affirmed.
Alma L. López, Chief Justice

Do Not Publish