COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| GUADALUPE CRUZ, | § | No. 08-06-00294-CR |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | 109th Judicial District Court |
| | § | |
| THE STATE OF TEXAS, | | of Andrews County, Texas |
| | § | |
| Appellee. | | (TC# 4722) |
| | § | |

**O P I N I O N**

Guadalupe Cruz appeals his conviction for driving while intoxicated (DWI), third or greater offense, habitual offender enhanced by two previous DWI convictions. He was convicted by a jury and sentenced to 48 years confinement in the Institutional Division of the Texas Department of Criminal Justice and a fine of $10,000.

Guadalupe Cruz was charged with felony driving while intoxicated. *See* TEX.PEN.CODE ANN. § 49.04 (Vernon 2003), § 49.09(b)(2)(Vernon Supp. 2008). Appellant stipulated to the two requisite prior convictions for felony DWI. The indictment contained enhancement paragraphs alleging two other prior felony convictions for DWI in cause number 1404 in 1983 and cause number 2523 in 1990 from the 109th Judicial District Court of Andrews County. The jury found him guilty of the charge.

At the punishment phase of the trial, Appellant entered a plea of not true to the enhancement paragraphs. The State called Sheriff Sam Jones, who had special training for fingerprint identification, and showed him copies of judgments labeled State's Exhibits 3, 4, 5, 8,

and 9. The indictment only charged the convictions in cause number 1404, States Exhibit 3, and 2523, State's Exhibit 5, for enhancement purposes. Sheriff Jones fingerprinted Appellant and compared them to the fingerprint on the judgments and booking packets related to those judgments without a fingerprint. The judgment for cause number 1404 did not have a fingerprint identification on it. The judgment for cause number 2523 did have the convicted's fingerprint on it. Sheriff Jones testified that a booking packet is created when a person is again taken to jail and contains information relating to the charges, and a new booking packet is created every time someone is taken to jail. Sheriff Jones testified that the Appellant's fingerprints matched the fingerprints in Exhibit 5 on the judgment and the corresponding booking packet for Exhibit 3.

In his sole issue, Appellant contends the evidence proving one of his prior DWI convictions for enhancement purposes was legally insufficient. The standard of review is, after viewing the evidence in the light most favorable to the prosecution, whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979).

It is well settled that a prior conviction may be established by certified copies of a judgment and a sentence and authenticated copies of the penitentiary records including fingerprints, supported by expert testimony identifying them as matching those of the defendant. *Rosales v. State*, 867 S.W.2d 70, 72-3 (Tex.App.--El Paso 1993, no pet.), *citing Beck v. State*, 719 S.W.2d 205, 210 (Tex.Crim.App. 1986). While this is the most common method used, there are many different ways to establish the prior conviction. *See Littles v. State*, 726 S.W.2d 26, 31 (Tex.Crim.App. 1984)(Opin. on reh'g). The essential element in proving the fact of a prior conviction is evidence of identity which is independent of or in addition to the evidence shown in

the penitentiary packet. *Zimmer v. State*, 989 S.W.2d 48, 50 (Tex.App.--San Antonio 1998, pet. ref'd), *citing Griffin v. State*, 866 S.W.2d 754, 756 (Tex.App.--Tyler 1993, no pet.). Properly authenticated copies of judgments and sentences are admissible at trial, but the relevance of those records showing a prior conviction is conditioned upon the introduction of evidence sufficient to support a finding that the defendant on trial is the person who was previously convicted. *Rosales*, 867 S.W.2d at 72-3.

In the case before us, we have the testimony of Sheriff Jones that Appellant's fingerprints match the fingerprints in a booking packet associated with the charge in cause number 1404. It was his opinion that the Guadalupe Cruz in the courtroom was the same Guadalupe Cruz who was convicted in the judgment and sentence of cause number 1404. The booking packet itself was never offered or admitted into evidence. While we have certified copies of the judgment and sentence, there is no authenticated copy of the booking packet in the record. To establish a prior conviction in the manner attempted by the State, certified copies of a judgment and a sentence *and* authenticated copies of the prison records including fingerprints, supported by expert testimony identifying them as identical with known prints of the defendant must be introduced. *Beck*, 719 S.W.2d at 209; *Timberlake v. State*, 711 S.W.2d 50, 51-2 (Tex.Crim.App. 1986).

The only evidence presented in regards to the prior conviction at the punishment hearing was the testimony of Sheriff Jones that the fingerprints from the booking packet associated with cause number 1404, which is not in evidence, matches those of the Appellant and a judgment and sentence convicting a person named Guadalupe Cruz of felony DWI. We do not have evidence showing that the person named in the judgment for cause number 1404 is the same as the person named in the booking packet or who stood trial for this offense. While the identical names

indicate the person is probably the same, probably is not good enough when it is the critical element being used for enhancement. *Zimmer*, 989 S.W.2d at 52. Without the booking packet in evidence, there is insufficient evidence to link the defendant from the judgment in cause number 1404 to the defendant who was on trial in this case. The State failed to meet its burden of proving beyond a reasonable doubt the defendant's prior conviction. We sustain Appellant's sole issue.

We therefore reverse the portion of the judgment assessing punishment and the sentence, and remand the case to the trial court for a new trial on the issue of punishment only. *See* TEX.CODE CRIM.PROC.ANN. 44.29(b)(Vernon Supp. 2008).


February 26, 2009
                                            DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Carr, JJ.
Carr, J. (Not Participating)
McClure, J., Concurring

(Publish)


# CONCURRING OPINION

Chief Justice Chew finds that the evidence is legally insufficient to support the jury's "true" finding to one of the enhancement paragraphs and remands for a new punishment hearing. I agree that the evidence is legally insufficient to prove the challenged enhancement paragraph, but I write separately to explain my reasoning.

To establish that a defendant has been convicted of a prior offense, the State must prove beyond a reasonable doubt that (1) a prior conviction exists, and (2) the defendant is linked to

that conviction. *Flowers v. State*, 220 S.W.3d 919, 921 (Tex.Crim.App. 2007). No specific document or mode of proof is required to prove these two elements. *Id*. There is no "best evidence" rule in Texas that requires that the fact of a prior conviction be proven with any document, much less any specific document. *Id*. While evidence of a certified copy of a final judgment and sentence may be a preferred and convenient means, the State may prove both of these elements in a number of different ways, including (1) the defendant's admission or stipulation, (2) testimony by a person who was present when the person was convicted of the specified crime and can identify the defendant as that person, or (3) documentary proof, such as a judgment, that contains sufficient information to establish both the existence of a prior conviction and the defendant's identity as the person convicted. *Id*. at 921-22. These methods of proving the final conviction are not exclusive. *See Littles v. State*, 726 S.W.2d 26, 32 (Tex.Crim.App. 1984)(overruling any case holding that there are exclusive manners of proof of a defendant's identity as to prior felonies used for enhancement). Any type of evidence, documentary or testimonial, might suffice. *Flowers*, 220 S.W.2d at 922. The trier of fact looks at the totality of the evidence admitted to determine (1) whether there was a previous conviction, and (2) whether the defendant was the person convicted. *Id*. at 921-22. If these two elements can be found beyond a reasonable doubt, then the evidence is legally sufficient to prove a prior conviction. *Id*.

In addition to the two prior DWI convictions alleged for jurisdictional purposes, the indictment contained two other enhancement paragraphs, which read as follows:

> And it is further presented in and to said Court that, prior to the commission of the aforesaid offense (hereafter styled the primary offense), on the 30th day of August, 1983, in cause number 1404 in the 109th Judicial District

Court of Andrews County, Texas, the defendant was convicted of the felony offense of Driving While Intoxicated;

And it is further presented in and to said Court that, prior to the commission of the primary offense, and after the conviction in cause number 1404 was final, the defendant committed the felony offense of Driving While Intoxicated and was convicted on the 24th day of October, 1990, in cause number 2523 in the 109th Judicial District Court of Andrews County, Texas . . . .

Appellant does not challenge the sufficiency of the evidence to prove the prior conviction in cause number 2523. Therefore, it is unnecessary to address the sufficiency of the evidence supporting the jury's finding of true made with respect to that paragraph.

In order to prove the challenged enhancement paragraph, the State introduced into evidence a certified copy of the judgment and sentence in cause number 1404 (State's Exhibit 3). State's Exhibit 3 is legally sufficient to prove that there was a previous conviction as alleged in the first enhancement paragraph. The only remaining question is whether the evidence is legally sufficient to prove that Appellant is the same person who was previously convicted in cause number 1404.

Sheriff Sam Jones testified for the State as a fingerprint expert. He explained that a booking packet is created every time a person is arrested for a criminal offense. Each booking packet contains the defendant's information, the charge, medical information, mug shots, and fingerprints. Sheriff Jones testified he had fingerprinted Appellant but he did not specify when or where. He confirmed that the prosecutor had asked him to "match the fingerprint identification from the Judgement of its present to the defendant."[1] If the judgment did not contain a fingerprint, the prosecutor had asked him to look into the booking packet and he had

---

[1] The meaning of this testimony is not entirely clear but it appears the prosecutor intended to ask Sheriff Jones to compare Appellant's fingerprints with the fingerprint contained in the judgment. The judgment in cause number 1404 does not contain a fingerprint.

done that. The following exchange then occurred between the prosecutor and Sheriff Jones:

[Prosecutor]: Sheriff Jones, I'm showing you what's been marked for identification purposes is [sic] State's Exhibit 3. It's Cause No. 1404, entitled The State of Texas vs. Guadalupe Garza Cruz in the 109th Judicial District Court of Andrews County, Texas. Did you have an opportunity to review the booking packet associated with this charge?

[Sheriff Jones]: I did.

[Prosecutor]: And did you compare the information in the booking packet with the information that was given to you from Mr. Cruz during Court?

[Sheriff Jones]: Yes, sir.

[Prosecutor]: And did it match?

[Sheriff Jones]: Yes, it did.

[Prosecutor]: And in your opinion, is the Guadalupe Cruz in the courtroom today the same Guadalupe Cruz who was convicted in this Judgement and Sentence in Cause No. 1404?

[Sheriff Jones]: Yes, sir.

Chief Justice Chew finds the evidence insufficient because the booking packet was not offered into evidence. But the Court of Criminal Appeals made it clear in *Flowers* that no specific form of proof is required. Consequently, I would not find the evidence insufficient simply because the booking packet was not introduced into evidence. The problem in this case is that there is no testimony that the booking packet associated with cause number 1404 contained the arrested person's fingerprints or that Sheriff Jones compared those fingerprints to the known prints of Appellant. Sheriff Jones testified generally about the booking procedure but he did not testify that the procedure was specifically followed in cause number 1404 or that a fingerprint

-7-

card was contained in that booking packet. Further, the prosecutor asked Sheriff Jones whether he had compared "the information in the booking packet with the information that was given to [him] from Mr. Cruz during Court" but he did not specify that he compared the known fingerprints of Appellant with a fingerprint card contained in the booking packet. Thus, Sheriff Jones' testimony that the "information matched" is legally insufficient to prove beyond a reasonable doubt that Appellant is the same person who was convicted of driving while intoxicated on the 30th day of August 1983, in cause number 1404 in the 109th Judicial District Court of Andrews County, Texas. *See Zimmer v. State*, 989 S.W.2d 48 (Tex.App.--San Antonio 1998, pet. ref'd). For these reasons, I concur in Chief Justice Chew's opinion that the evidence is legally insufficient to prove the prior conviction alleged in the third enhancement paragraph, and therefore, the judgment as to punishment should be reversed and remanded for a new trial on punishment only. *See* TEX.CODE CRIM.PROC.ANN. 44.29(b)(Vernon Supp. 2008).


February 26, 2009

                                    ANN CRAWFORD McCLURE, Justice