

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-10-00465-CR

KIMBERLY RENE GOODE                                           APPELLANT

V.

THE STATE OF TEXAS                                                      STATE

----------

## FROM THE 432ND DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Kimberly Rene Goode appeals her conviction for state-jail-felony theft, contending in two related points that the evidence is insufficient to support the trial court's finding that she had twice been previously convicted of theft and that the trial court erred by overruling her objection to the admission of the State's first four exhibits. We affirm.

## Background Facts

---

[1]See Tex. R. App. P. 47.4.

A Tarrant County grand jury indicted appellant for committing state-jail-felony theft. The indictment alleged that appellant had stolen twenty-three items of merchandise valued collectively at less than $1,500 and that she had been convicted of theft in July 2002 and again in September 2005.[2] Appellant waived her right to a jury trial and pled not guilty.

At the bench trial, the trial court admitted two exhibits that contained papers from Tarrant County court files relating to theft convictions attributable to a person with appellant's full name.[3] Although thumb prints from the prior convictions were too illegible to associate them with appellant, the files related to both convictions had a county identification number (CID)—a unique, nonreusable number that the Tarrant County jail gives to a person upon being booked there—that matched appellant's CID.[4] In addition, the exhibits contained a defendant's date of birth—November 25, 1981—that matched appellant's birth date.

---

[2]The evidence at trial established the value of the twenty-three items at $129.28.

[3]The trial court admitted the exhibits as certified copies of public records under rule of evidence 902(4). *See* Tex. R. Evid. 902(4). The exhibits contained docket sheets, judgments, plea paperwork, and other documents that had been filed in the previous theft cases.

[4]Tarrant County Sheriff's Office Deputy John Pauley took appellant's fingerprints on the afternoon that the trial began. Those fingerprints matched fingerprints on a print card that is maintained by the sheriff's office and that contains appellant's CID. Thus, the State established appellant's connection to a particular CID.

The trial court used the documents related to the prior theft convictions to convict appellant of state-jail-felony theft. After hearing brief testimony during the punishment phase of the trial, the court sentenced appellant to eighteen months' confinement. Appellant brought this appeal.

**Sufficiency of the Evidence Regarding Appellant's Prior Crimes**

In her two points, appellant argues that the theft convictions introduced as exhibits at trial do "not support the jurisdictional requirement for this case to be prosecuted as a state jail felony because they were not affirmatively linked to [a]ppellant." Appellant presents her points together, and we will examine them together.

A person commits theft by unlawfully appropriating property with intent to deprive the owner of the property. *See* Tex. Penal Code Ann. § 31.03(a) (West 2011). Theft is a state jail felony if the value of the property stolen is less than $1,500 and the defendant has been previously convicted two or more times of theft. *Id.* § 31.03(e)(4)(D). "Elevating a misdemeanor theft to a felony theft by use of previous theft convictions . . . creates a new offense and vests the district court with jurisdiction. Previous theft convictions that elevate misdemeanors to felonies are jurisdictional elements of the offense alleged." *Moore v. State*, 916 S.W.2d 537, 539 (Tex. App.—Dallas 1995, no pet.) (citation omitted).

In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the prosecution to determine whether any rational trier of fact could have found the

3

essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). Where proof of a prior conviction is a jurisdictional element, the fact of the prior conviction, including the identity of the accused, must be proven beyond a reasonable doubt. *See Zimmer v. State*, 989 S.W.2d 48, 50 (Tex. App.—San Antonio 1998, pet. ref'd) (applying the *Jackson* standard to a sufficiency review of prior offenses that were jurisdictional elements of the crime at issue).

To establish that a defendant has been convicted of a prior offense, the State must prove beyond a reasonable doubt that (1) a prior conviction exists, and (2) the defendant is linked to that conviction. *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007); *Beck v. State*, 719 S.W.2d 205, 210 (Tex. Crim. App. 1986) ("It is incumbent on the State to go forward and show by independent evidence that the defendant is the person so previously convicted."); *see also Timberlake v. State*, 711 S.W.2d 50, 52 (Tex. Crim. App. 1986) ("[T]he facts of each case must contain reliable evidence showing that the defendant had been previously convicted of the offense for which evidence is offered."). These two elements may be established by certified copies of a judgment and a sentence, including fingerprints, supported by expert testimony identifying them as identical with known prints of the defendant. *See Vessels v. State*, 432 S.W.2d 108, 117 (Tex. Crim. App. 1968) (op. on reh'g). There is no required "mode of proof," however, for the two elements; the State may prove them in a number of different

4

ways. *Flowers*, 220 S.W.3d at 921–22 ("Just as there is more than one way to skin a cat, there is more than one way to prove a prior conviction."). In proving the elements, the State may use "[a]ny type of evidence, documentary or testimonial." *Id.* at 922; *see Human v. State*, 749 S.W.2d 832, 836 (Tex. Crim. App. 1988). Finally, the factfinder looks at the totality of the admitted evidence to determine whether there was a previous conviction and whether the defendant was the person convicted. *Flowers*, 220 S.W.3d at 923; *see Ortiz v. State*, No. 02-07-00397-CR, 2008 WL 4602243, at *2 (Tex. App.—Fort Worth Oct. 16, 2008, pet. ref'd) (mem. op., not designated for publication).

Appellant cites *Cruz v. State*, No. 08-06-00294-CR, 2009 WL 475784 (Tex. App.—El Paso Feb. 26, 2009, no pet.), to challenge the sufficiency of the linked CIDs and the shared birth dates between appellant and the defendant from the two prior judgments submitted by the State. But *Cruz* addressed the sufficiency of uncorroborated testimony regarding whether fingerprints from a booking packet, which was not in evidence, matched the defendant's fingerprints. *Id.* at *2. Unlike *Cruz*, the State in this case relies on more than uncorroborated testimony; the State submitted into evidence documents associated with the prior convictions that contained a unique CID matching appellant's CID. Appellant's reliance on *Zimmer* is similarly misplaced. *See* 989 S.W.2d at 52 ("We are left *only* with testimony that the fingerprint on the back of a booking slip, which is not in evidence, matches that of the defendant . . . .") (emphasis added).

5

Given that appellant's unique, nonrecycled CID appeared in relation to two Tarrant County convictions concerning a defendant with appellant's full name and birth date, we hold that a rational trier of fact could have found the evidence sufficient to link appellant to the two prior judgments submitted by the State. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Clayton*, 235 S.W.3d at 778. Moreover, we hold that the trial court did not err by overruling appellant's objection to the admission of the State's exhibits based on the grounds that the State failed to affirmatively link appellant to the two prior judgments. We overrule both of appellant's points.

## Conclusion

Having overruled both of appellant's points, we affirm the trial court's judgment.

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL: LIVINGSTON, C.J.; DAUPHINOT and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: September 29, 2011