02-10-465-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00465-CR

 

 


 
 
 Kimberly Rene Goode
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

 

FROM THE 432nd
District Court OF Tarrant COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

          Appellant
Kimberly Rene Goode appeals her conviction for state-jail-felony
theft, contending in two related points that the evidence is insufficient to
support the trial court’s finding that she had twice been previously convicted
of theft and that the trial court erred by overruling her objection to the
admission of the State’s first four exhibits.  We affirm.

Background
Facts

          A
Tarrant County grand jury indicted appellant for committing state-jail-felony
theft.  The indictment alleged that appellant had stolen twenty-three items of
merchandise valued collectively at less than $1,500 and that she had been
convicted of theft in July 2002 and again in September 2005.[2] 
Appellant waived her right to a jury trial and pled not guilty.

          At
the bench trial, the trial court admitted two exhibits that contained papers from
Tarrant County court files relating to theft convictions attributable to a
person with appellant’s full name.[3]  Although thumb prints from
the prior convictions were too illegible to associate them with appellant, the files
related to both convictions had a county identification number (CID)—a unique,
nonreusable number that the Tarrant County jail gives to a person upon being
booked there—that matched appellant’s CID.[4]  In addition, the
exhibits contained a defendant’s date of birth—November 25, 1981—that matched appellant’s
birth date.

          The
trial court used the documents related to the prior theft convictions to convict
appellant of state-jail-felony theft.  After hearing brief testimony during the
punishment phase of the trial, the court sentenced appellant to eighteen
months’ confinement.  Appellant brought this appeal.

Sufficiency
of the Evidence Regarding Appellant’s Prior Crimes

          In
her two points, appellant argues that the theft convictions introduced as
exhibits at trial do “not support the jurisdictional requirement for this case
to be prosecuted as a state jail felony because they were not affirmatively
linked to [a]ppellant.”  Appellant presents her points together, and we will
examine them together.

A
person commits theft by unlawfully appropriating property with intent to
deprive the owner of the property.  See Tex. Penal Code Ann. § 31.03(a)
(West 2011).  Theft is a state jail felony if the value of the property stolen
is less than $1,500 and the defendant has been previously convicted two or more
times of theft.  Id. § 31.03(e)(4)(D).  “Elevating a misdemeanor theft
to a felony theft by use of previous theft
convictions . . . creates a new offense and vests the
district court with jurisdiction.  Previous theft convictions that elevate
misdemeanors to felonies are jurisdictional elements of the offense alleged.”  Moore
v. State, 916 S.W.2d 537, 539 (Tex. App.—Dallas 1995, no pet.) (citation
omitted).

          In
our due-process review of the sufficiency of the evidence to support a
conviction, we view all of the evidence in the light most favorable to the
prosecution to determine whether any rational trier of fact could have found
the essential elements of the crime beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Clayton v.
State, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).  Where proof of a prior
conviction is a jurisdictional element, the fact of the prior conviction,
including the identity of the accused, must be proven beyond a reasonable
doubt.  See Zimmer v. State, 989 S.W.2d 48, 50 (Tex. App.—San Antonio
1998, pet. ref’d) (applying the Jackson standard to a sufficiency review
of prior offenses that were jurisdictional elements of the crime at issue).

          To establish
that a defendant has been convicted of a prior offense, the State must prove
beyond a reasonable doubt that (1) a prior conviction exists, and (2) the
defendant is linked to that conviction.  Flowers v. State, 220 S.W.3d
919, 921 (Tex. Crim. App. 2007); Beck v. State, 719 S.W.2d 205, 210
(Tex. Crim. App. 1986) (“It is incumbent on the State to go forward and show by
independent evidence that the defendant is the person so previously
convicted.”); see also Timberlake v. State, 711 S.W.2d 50, 52 (Tex.
Crim. App. 1986) (“[T]he facts of each case must contain reliable evidence
showing that the defendant had been previously convicted of the offense for
which evidence is offered.”).  These two elements may be established by
certified copies of a judgment and a sentence, including fingerprints,
supported by expert testimony identifying them as identical with known prints
of the defendant.  See Vessels v. State, 432 S.W.2d 108, 117 (Tex. Crim.
App. 1968) (op. on reh’g).  There is no required “mode of proof,” however, for
the two elements; the State may prove them in a number of different ways.  Flowers,
220 S.W.3d at 921–22 (“Just as there is more than one way to skin a cat, there
is more than one way to prove a prior conviction.”).  In proving the elements,
the State may use “[a]ny type of evidence, documentary or testimonial.”  Id.
at 922; see Human v. State, 749 S.W.2d 832, 836 (Tex. Crim. App. 1988). 
Finally, the factfinder looks at the totality of the admitted evidence to
determine whether there was a previous conviction and whether the defendant was
the person convicted.  Flowers, 220 S.W.3d at 923; see Ortiz v. State,
No. 02-07-00397-CR, 2008 WL 4602243, at *2 (Tex. App.—Fort Worth Oct. 16, 2008,
pet. ref’d) (mem. op., not designated for publication). 

          Appellant
cites Cruz v. State, No. 08-06-00294-CR, 2009 WL 475784 (Tex. App.—El
Paso Feb. 26, 2009, no pet.), to challenge the sufficiency of the linked CIDs
and the shared birth dates between appellant and the defendant from the two
prior judgments submitted by the State.  But Cruz addressed the
sufficiency of uncorroborated testimony regarding whether fingerprints from a
booking packet, which was not in evidence, matched the defendant’s
fingerprints.  Id. at *2.  Unlike Cruz, the State in this case
relies on more than uncorroborated testimony; the State submitted into evidence
documents associated with the prior convictions that contained a unique CID
matching appellant’s CID.  Appellant’s reliance on Zimmer is similarly
misplaced.  See 989 S.W.2d at 52 (“We are left only with
testimony that the fingerprint on the back of a booking slip, which is not in
evidence, matches that of the defendant . . . .”) (emphasis
added).

          Given
that appellant’s unique, nonrecycled CID appeared in relation to two Tarrant
County convictions concerning a defendant with appellant’s full name and birth date,
we hold that a rational trier of fact could have found the evidence sufficient
to link appellant to the two prior judgments submitted by the State.  See Jackson,
443 U.S. at 319, 99 S. Ct. at 2789; Clayton, 235 S.W.3d at 778.
Moreover, we hold that the trial court did not err by overruling appellant’s
objection to the admission of the State’s exhibits based on the grounds that
the State failed to affirmatively link appellant to the two prior judgments. 
We overrule both of appellant’s points.

Conclusion

          Having
overruled both of appellant’s points, we affirm the trial court’s judgment.

 

TERRIE LIVINGSTON
CHIEF JUSTICE

 

PANEL: 
LIVINGSTON,
C.J.; DAUPHINOT and GABRIEL, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  September 29,
2011









[1]See Tex. R. App. P. 47.4.





[2]The evidence at trial established the value of the twenty-three
items at $129.28.





[3]The trial court admitted the exhibits as certified copies of public
records under rule of evidence 902(4).  See Tex. R. Evid. 902(4).  The
exhibits contained docket sheets, judgments, plea paperwork, and other
documents that had been filed in the previous theft cases.





[4]Tarrant County Sheriff’s Office Deputy John Pauley took appellant’s
fingerprints on the afternoon that the trial began.  Those fingerprints matched
fingerprints on a print card that is maintained by the sheriff’s office and
that contains appellant’s CID.  Thus, the State established appellant’s
connection to a particular CID.