

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-13-00214-CR

---

BILLY MAX COLLINS, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 8th District Court
Franklin County, Texas
Trial Court No. F8793

---

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

# MEMORANDUM OPINION

Billy Max Collins appeals his conviction of felony driving while intoxicated (DWI) and sentence of thirty-six years' imprisonment. Officer Shawn Droddy, a state trooper with the Texas Department of Public Safety, initiated a traffic stop after personally observing the pickup truck Collins was driving leave its lane of traffic. Droddy testified that Collins was "unsteady on his feet" and that his breath smelled of alcohol. Collins refused to perform any field sobriety testing, and Droddy placed him under arrest for DWI.

At the scene of the traffic stop, Collins offered to submit a blood sample. Droddy transported Collins to a local hospital. At the hospital, Collins refused to sign the "DIC 24" consent form. Droddy testified that, despite refusing to sign the written form, Collins never withdrew his oral consent to the blood draw or gave any indication he did not want to give a specimen. An analysis of the blood sample indicated Collins' blood-alcohol level was 0.234 grams of alcohol per 100 milliliters of blood—almost three times the legal limit.

The State charged Collins with felony DWI. A DWI is a class B misdemeanor. TEX. PENAL CODE ANN. § 49.04 (West Supp. 2013). Here, the offense was elevated to a third degree felony by allegations in the indictment that Collins had been previously convicted of two DWI-related offenses. Punishment for a third degree felony may be enhanced by allegations and proof that a defendant was previously convicted of two felony offenses. TEX. PENAL CODE ANN. § 12.42(d) (West Supp. 2013) (range of punishment enhanced to twenty-five years' to ninety-nine years' or life imprisonment upon proof of two previous felony offenses). The State gave Collins notice of its intent to enhance the punishment range to twenty-five years' to ninety-nine

2

years' or life imprisonment by proof of his conviction of two previous felony offenses. Collins pled not guilty and "not true" to the enhancements. A jury found Collins guilty of DWI, found the enhancement allegations true, and assessed a sentence of thirty-six years' imprisonment. The trial court sentenced Collins consistent with the jury's assessment and ordered him to pay $1,500.00 in attorney's fees and $504.00 in court costs.

Collins raises three issues on appeal. According to Collins, (1) his trial counsel rendered ineffective assistance of counsel, (2) the trial court violated his right to be represented by retained counsel of his choice, and (3) there is no evidence to support the trial court's assessment of court costs. We affirm Collins' conviction because (1) the record does not support his claim of ineffective assistance of counsel, and (2) the record does not indicate Collins had retained counsel willing and able to represent him on the scheduled trial date. Although the trial court erred in ordering Collins to pay $1,500.00 in attorney's fees, the supplemental record containing a bill of costs provides some basis to support the assessment of $504.00 in court costs. Consequently, we modify the trial court's judgment by deleting the $1,500.00 attorney's fees assessment. As modified, we affirm the judgment.

## I.     The Record Does Not Demonstrate that Trial Counsel Was Ineffective

Collins argues that his trial counsel rendered ineffective assistance by failing to challenge the prior convictions, failing to present evidence Collins withdrew his consent to the blood specimen, and failing to timely meet with Collins.

Ineffective assistance of counsel claims are evaluated under the two-part test formulated by the United States Supreme Court in *Strickland*, requiring a showing of both deficient

3

performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 689 (1984); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). Ineffective assistance of counsel claims cannot be "built on retrospective speculation," but must be firmly rooted in the record, with the record itself affirmatively demonstrating the alleged ineffectiveness. *Bone v. State*, 77 S.W.3d 828, 835 (Tex. Crim. App. 2002). Failure to satisfy either prong negates a reviewing court's need to consider the other. *Strickland*, 466 U.S. at 697; *Ex parte Martinez*, 330 S.W.3d 891, 901 (Tex. Crim. App. 2011).

The reviewing court must "'first analyze all allegations of deficient performance, decide whether counsel's conduct was constitutionally deficient, and, if so, then consider whether those specific deficient acts or omissions, in their totality, prejudiced the defense.'" *Ex parte Miller*, 330 S.W.3d 610, 616, n.10 (Tex. Crim. App. 2009) (quoting *Ex parte Nailor*, 149 S.W.3d 125, 130 (Tex. Crim. App. 2004)). The record must demonstrate that trial counsel's representation fell below an objective standard of reasonableness. *Villa v. State*, 417 S.W.3d 455, 462–63 (Tex. Crim. App. 2013); *Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000). We indulge a strong presumption that counsel's conduct falls within the wide range of reasonable, professional assistance and that it was motivated by sound trial strategy. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). "If counsel's reasons for his conduct do not appear in the record and there is at least the possibility that the conduct could have been legitimate trial strategy, we will defer to counsel's decisions and deny relief on an ineffective assistance claim

on direct appeal." *Ortiz v. State*, 93 S.W.3d 79, 88–89 (Tex. Crim. App. 2002).[1]  When trial counsel's reasons do not appear in the record, the appellate court should not find deficient performance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it."  *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001) (citations omitted); *see Menefield v. State*, 363 S.W.3d 591, 593 (Tex. Crim. App. 2012).

The second *Strickland* prong requires a showing that the deficient performance prejudiced the defense to such a degree that, but for the deficiency, there is a reasonable probability the result of the trial would have been different.  *Strickland*, 466 U.S. at 694; *Tong*, 25 S.W.3d at 712.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.  *Smith v. State*, 286 S.W.3d 333, 340 (Tex. Crim. App. 2009).

### A. Failure to Challenge Jurisdictional Prior Convictions Was Not Deficient Performance

Although DWI is a class B misdemeanor,[2] the offense becomes a third degree felony when the State proves that "the person has previously been convicted . . . two times of any other offense relating to the operating of a motor vehicle while intoxicated."  TEX. PENAL CODE ANN.

---

[1] Collins requests this Court to order findings of fact "regarding trial counsel's research and review of the prior convictions, as well as, what strategy, if any, was employed in avoiding attack on these matters . . . ."  Collins has cited no authority for such a request.  If Collins needed to introduce additional evidence to argue ineffective assistance on appeal, Collins could have filed a motion for new trial or pursued ineffective assistance through habeas proceedings.  The record on direct appeal is frequently insufficiently developed to support a claim of ineffective assistance of counsel; the best way to make a sufficient record to support such a claim is by a hearing on a motion for new trial or a hearing on an application for writ of habeas corpus.  *Jackson*, 877 S.W.2d at 773.  Only when "'counsel's ineffectiveness is so apparent from the record'" will an appellant prevail on direct appeal absent a hearing on a motion for new trial asserting an ineffective assistance of counsel claim.  *Freeman v. State*, 125 S.W.3d 505, 506–07 (Tex. Crim. App. 2003) (quoting *Massaro v. United States*, 538 U.S. 500, 508 (2003)); *Kemp v. State*, 892 S.W.2d 112, 115 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd).

[2] *See* TEX. PENAL CODE ANN. § 49.04(b).

5

§ 49.09(b) (West Supp. 2013). Collins claims his trial counsel rendered ineffective assistance by failing to challenge these jurisdictional priors.

The State must prove not only that a prior conviction exists, but also that the defendant is the same person previously convicted. *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007); *Rios v. State*, 557 S.W.2d 87, 92 (Tex. Crim. App. 1977); *Cruz v. State*, 346 S.W.3d 601, 603 (Tex. App.—El Paso 2009, no pet.); *see Ex parte Harrington*, 310 S.W.3d 452, 456 (Tex. Crim. App. 2010) (granting habeas relief based on ineffective assistance of counsel when defendant pled guilty to felony DWI without two prior DWI convictions). Although the easiest method is to match the defendant's fingerprints to the fingerprints on the judgment, there are a number of methods by which the State may properly prove the defendant's identity as the person previously convicted. *Flowers*, 220 S.W.3d at 921–92. "No specific document or mode of proof is required to prove these two elements." *Id.* at 921. Whether the State proved a prior conviction is reviewed based on the totality of the evidence. *Id.* at 923.

Evidence that the defendant merely has the same name as the person previously convicted is not sufficient to satisfy the prosecution's burden. *See Beck v. State*, 719 S.W.2d 205, 210 (Tex. Crim. App. 1986). Although a certified driver's record may be considered,[3] that, too, is insufficient, by itself, to prove the defendant was previously convicted. *See Flowers*, 220 S.W.3d at 925; *Gentile v. State*, 848 S.W.2d 359, 360 (Tex. App.—Austin 1993, no pet.) (per curiam).

---

[3]A copy of Collins' driving record was admitted during the punishment phase which contains the 1990 misdemeanor conviction. Because this driving record was not admitted during the guilt/innocence phase, the jury could not have considered it in concluding Collins was the same person convicted.

The State alleged the following in its indictment against Collins:

> And it is further presented in and to said Court that, prior to the commission of the aforesaid offense, on 7th day of April, 1997, in cause number 9714703, in the 8th Judicial District Court of Hopkins County, Texas, the defendant was convicted of an offense relating to the operating of a motor vehicle while intoxicated; and on the 16th day of March, 1990, in cause number 5629C, in the County Court of Hopkins County, Texas, the defendant was convicted of an offense relating to the operating of a motor vehicle while intoxicated.
>
> And it is further presented in and to said Court, that prior to the commission of the aforesaid offense, on the 17th day of February, 2006, in Cause No. F7907, in the 8th Judicial District Court of Franklin County[,] Texas, the defendant was convicted of the felony offense of Driving While Intoxicated Third or More.

The State introduced copies of both the 1990 and 1997 judgments during the guilt/innocence phase of trial. Although the 1990 judgment lacked a thumbprint, it was used as a jurisdictional prior conviction for the 1997 judgment.[4] The State introduced testimony that Collins' fingerprints matched the 1997 judgment.[5]

According to Collins, counsel was ineffective in failing to articulate a legal theory when asked why his client would not stipulate to the jurisdictional priors. The record contains the following colloquy:

> THE COURT: . . . . Is there a stipulation to the prior convictions alleged in the indictment which gives this Court jurisdiction?

---

[4] The indictment that led to the 1997 conviction alleged, "And it is further presented . . . the defendant was convicted of the offense of Driving While Intoxicated; on the 16th day of March 1990, in Cause No. 5,629C, in the County Court of Hopkins County, Texas . . . ."

[5] The Texas Court of Criminal Appeals has stated that the proof required to establish the defendant as the same person in the prior conviction resembles a "'jigsaw puzzle.'" *Flowers*, 220 S.W.3d at 923 (quoting *Human v. State*, 749 S.W.2d 832, 835–36 (Tex. Crim. App. 1988) (op. on reh'g)). "The trier of fact fits the pieces of the jigsaw puzzle together and weighs the credibility of each piece." *Id.* The Dallas Court of Appeals, in an unpublished opinion, has approved of the method of proof used by the State in this case. *See Carry v. State*, No. 05-96-01681-CR, 1999 Tex. App. LEXIS 789, at **10–11 (Tex. App.—Dallas Feb. 8, 1999, no pet.) (not designated for publication) (proving misdemeanor DWI without thumbprint by matching cause number to jurisdictional prior of felony DWI judgment with thumbprint).

[Defense Counsel]: No, there is not, your Honor. My client asserts that the prior convictions are unlawful and illegal. So in view of that position, I cannot so stipulate.

THE COURT: Can you articulate why they are unlawful and illegal?

[Defense Counsel]: No, your Honor, I can't. But my -- my client, from mid-July when this Court appointed me, has taken that position. And in view of that, that's why, for example, at voir dire, we did not exercise a stipulation, and that's why we had to go down this road. My client has that position. And, quite frankly, if I were to so stipulate --

THE COURT: Okay. I just wanted to know if you could articulate why. That's fine.

On appeal, the State speculates that trial counsel failed to articulate a reason for the plea to avoid revealing client confidences privileged under the attorney-client privilege.

Because the record contains no explanation for trial counsel's action, we are prohibited from finding deficient performance unless the conduct was so outrageous that no competent attorney would have engaged in it. The defendant has the right to direct his counsel concerning the plea to be entered. *See Turner v. State*, 49 S.W.3d 461, 465 (Tex. App.—Fort Worth 2001, *pet. dism'd*, *improvidently granted*, 118 S.W.3d 772 (Tex. Crim. App. 2003); *Flores v. State*, 784 S.W.2d 579, 581 (Tex. App.—Fort Worth 1990, pet. ref'd) ("A defendant must make the ultimate decision on his plea and bear its consequences, rather than his or her attorney."). Similarly, whether to stipulate to a jurisdictional prior conviction is a decision the defendant must make. It is possible trial counsel was merely communicating his client's decision not to stipulate to the prior convictions even though counsel had no meritorious legal theory to support Collins' decision.

8

Collins argues that meritorious legal theories exist to challenge the prior convictions. He contends that the 1990 conviction should have been challenged because it does not indicate whether he was represented by counsel, and lacks "any thumbprint or identifying information (driver's license number, social security number, date of birth or otherwise)."

To succeed under this theory of attack, trial counsel would have been required to establish that the prior convictions were void, not just voidable. A collateral attack on a prior judgment is permitted only if the prior judgment is void. *Rhodes v. State*, 240 S.W.3d 882, 887 (Tex. Crim. App. 2007). When prior convictions are collaterally attacked, the judgments reflecting those convictions are presumed to be regular, and the defendant bears the burden of defeating that presumption by a preponderance of the evidence. *Jones v. State*, 77 S.W.3d 819, 823 n.15 (Tex. Crim. App. 2002); *Battle v. State*, 989 S.W.2d 840, 841 (Tex. App.—Texarkana 1999, no pet.). A judgment is rarely found to be void; the most common void judgment is one entered without jurisdiction. *Nix v. State*, 65 S.W.3d 664, 667–68 (Tex. Crim. App. 2001); *see Ex parte Jimenez*, 361 S.W.3d 679, 684 n.7 (Tex. Crim. App. 2012).

Trial counsel could have decided that Collins' three contentions regarding the 1990 judgment lacked merit. The Texas Code of Criminal Procedure requires that a judgment contain the defendant's plea and a thumbprint and that it either specify defense counsel's name or affirmatively state that the defendant waived his right to counsel. TEX. CODE CRIM. PROC. ANN. art. 42.01 (West Supp. 2013).

The 1990 judgment does specify a plea. The judgment states that Collins pled "GUILTY\NOLO CONTENDERE," later states that "defendant persisted in pleading guilty,"

9

and finds "that the defendant is guilty as confessed by him . . . ."  Thus, Collins' claim that the 1990 judgment does not specify his plea is not supported by the record.

Neither of Collins' remaining arguments establishes that the judgment is void.  Many violations of Article 42.01 merely render a judgment voidable, not void.  *See Porter v. State*, 757 S.W.2d 889, 891 (Tex. App.—Beaumont 1988, no pet.).  Although an affirmative showing that a defendant has been deprived of counsel can result in a void judgment, *Nix*, 65 S.W.3d at 668, the fact that a judgment is silent as to the name of defense counsel alone is insufficient to overcome the presumption of regularity of the records before the court.  *Chancy v. State*, 614 S.W.2d 446, 447 (Tex. Crim. App. [Panel Op.] 1981); *Ex parte Swinney*, 499 S.W.2d 101, 103 (Tex. Crim. App. 1973).  The record contains no evidence that Collins was without legal representation during the 1990 proceedings.[6]  A judgment is not void merely because it lacks a thumbprint or fingerprint.  *See Sparkman v. State*, 55 S.W.3d 625, 629 (Tex. App.—San Antonio 2000, no pet.).  Neither the absence of the attorney's name or the thumbprint is sufficient to establish the 1990 judgment is void.

Collins argues that the 1997 felony DWI conviction should have been challenged because it "contains no finding regarding Appellant's pleas (if any) to the jurisdictional paragraphs necessary to invest the 8th Judicial District Court with felony jurisdiction" and "contains a questionable plea agreement regarding waiver of right to appeal in a separate cause number . . . ."

---

[6]Mere assertions by a defendant that he was without the assistance of counsel during his prior conviction proceedings are insufficient to overcome the presumption of regularity related to the judgments.  *Swanson v. State*, 722 S.W.2d 158, 164 (Tex. App.—Houston [14th Dist.] 1986, pet. ref'd).

This case involves two different types of enhancing allegations. First, the State alleged in the indictment that Collins had committed a felony DWI, which required the State to prove two prior DWI-related convictions as an element of the alleged felony DWI offense. *See* TEX. PENAL CODE ANN. § 49.09(b)(2). Additionally, the State alleged that Collins had been previously convicted of two or more felony offenses which, if proven, would enhance the punishment pursuant to Section 12.42 of the Penal Code. *See* TEX. PENAL CODE ANN. § 12.42. Unlike Section 12.42 enhancements, the prior DWI convictions are elements of the felony DWI offense, and the State must prove the two prior convictions at the guilt/innocence phase of trial. *See Martin v. State*, 200 S.W.3d 635, 640–41 (Tex. Crim. App. 2006); *Gibson v. State*, 995 S.W.2d 693, 696 (Tex. Crim. App. 1999). "Elevating a DWI from a misdemeanor to a felony offense by using a previous DWI conviction does not enhance punishment, but creates a new offense and vests the district court with jurisdiction." *Carroll v. State*, 51 S.W.3d 797, 799 (Tex. App.—Houston [1st Dist.] 2001, pet. ref'd).

The entry of "NA" in the enhancement section of the 1997 judgment can be reasonably interpreted to mean that the felony DWI remained a third degree felony offense and that the punishment was not enhanced by prior felony convictions under Section 12.42 of the Penal Code. *See* TEX. PENAL CODE ANN. § 12.42. The entry does not suggest, however, that the prior felony convictions, which were elements of the underlying felony DWI offense, were not alleged or proven. Collins pled guilty to the charges leading to the 1997 conviction, which is an admission of all elements of the offense, including the prior convictions used to invoke the

11

jurisdiction of a court with felony jurisdiction. Furthermore, the State introduced the indictment from the 1997 proceeding alleging two prior DWI convictions.

We also disagree with Collins' characterization of the negotiated plea agreement regarding waiver of his right to appeal in a separate cause number as "questionable." While the sentence-bargain plea agreement is the most common form of negotiated plea agreement, other kinds of enforceable plea bargains exist. *Shankle v. State*, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003). For example, a charge-bargain plea agreement occurs when a defendant pleads guilty to one offense in exchange for the prosecutor dismissing, or refraining from bringing, other charges. *Id.* Further, the Texas Court of Criminal Appeals has recognized presentencing waivers of a right to appeal are enforceable if they are part of a plea bargain. *Ex parte Broadway*, 301 S.W.3d 694, 699 (Tex. Crim. App. 2009); *Nichols v. State*, 349 S.W.3d 612, 615 (Tex. App.—Texarkana 2011, pet. ref'd). While a plea agreement involving a waiver of the right to appeal in a different cause number is not commonplace, it does not render the 1997 conviction void.

The record does not support Collins' claim that his trial counsel's performance was deficient by failing to challenge the prior DWI convictions alleged to invoke the trial court's felony jurisdiction

**B.       A Silent Record Is Not Evidence of Withdrawal of Consent**

Collins next argues that counsel was ineffective in failing to present evidence that Collins withdrew his consent to the blood draw. Collins claims hospital personnel should have been subpoenaed and called as witnesses. When a claim of ineffective assistance is based on

12

counsel's failure to call witnesses, the appellant must show that such witnesses were available to testify and that appellant would have benefitted from their testimony. *Ex parte Ramirez*, 280 S.W.3d 848, 853 (Tex. Crim. App. 2007) (per curiam); *Brown v. State*, 334 S.W.3d 789, 804 (Tex. App.—Tyler 2010, pet. ref'd). Collins' complaint is not firmly grounded in the record.

Trial counsel challenged the blood draw at an evidentiary hearing outside the presence of the jury. At the hearing, Droddy testified unequivocally that Collins orally consented to the blood draw and that he never withdrew that consent despite refusing to sign the consent form. At trial, Droddy testified that, before he had even mentioned the possibility of a blood test, Collins offered to provide a blood sample.

A search conducted pursuant to valid consent is an exception to the requirement that a warrant be obtained. *Maxwell v. State*, 73 S.W.3d 278, 281 (Tex. Crim. App. 2002). A valid consent to search may be oral. *Manzi v. State*, 56 S.W.3d 710, 719 (Tex. App.—Houston [14th Dist.] 2001), *aff'd by* 88 S.W.3d 240 (Tex. Crim. App. 2002). A refusal to sign a consent form does not necessarily indicate a withdrawal of consent. A person may consent but still subscribe to the belief that he or she should never sign any written document. Thus, the refusal to sign the consent form does not necessarily conflict with Droddy's testimony. Although the trial court did not rule on the motion to suppress at the conclusion of the evidentiary hearing, the trial court

ruled on the motion the following morning.[7]  Trial counsel also requested an Article 38.23 jury instruction.[8]  *See* TEX. CODE CRIM. PROC. ANN. art. 38.23 (West 2005).

Other than his refusal to sign a consent form, the record contains no evidence that Collins withdrew his consent.  Collins elected not to testify.  The record contains no evidence that witnesses were available to testify and that their testimony would have been favorable to the defense.  Since the record is silent as to why counsel failed to call witnesses or present evidence on the withdrawal of consent issue, we must assume it was due to the possibility that no favorable evidence could be presented.  *See Mata v. State*, 226 S.W.3d 425, 431 (Tex. Crim. App. 2007); *Garcia*, 57 S.W.3d at 441; *Fox v. State*, 175 S.W.3d 475, 485–86 (Tex. App.—Texarkana 2005, pet. ref'd).

The record does not support a conclusion that trial counsel rendered deficient performance by failing to introduce evidence that Collins withdrew his consent.  Even if it did, there is no support for the conclusion that prejudice resulted.

### C.    No Evidence of Failure to Meet with Client

Collins' remaining complaint is that trial counsel rendered ineffective assistance of counsel (1) by failing to timely interview Collins to facilitate the development of a defense

---

[7]Trial was scheduled to occur on the morning following the evidentiary hearing.  Although the trial court ruled on the pretrial motions on that day, the trial court postponed trial one week as explained in more detail below.

[8]Where an issue is raised that evidence was illegally procured, the jury shall be instructed that, if it believes, or has a reasonable doubt, that the evidence was obtained in violation of law, then the jury should disregard any said evidence.  TEX. CODE CRIM. PROC. ANN. art. 38.23.  The trial court denied the defense's trial request.  Collins has assigned no issue on appeal concerning the trial court's denial of this requested instruction.

strategy and (2) by failing to prepare for trial.[9] Collins alleges trial counsel violated Rules 1.03(b) and 1.15(a)(3) of the Texas Disciplinary Rules of Professional Conduct in failing to timely interview Collins. *See* TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 1.03(b), 1.15(a)(3), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G, app. A (West 2013).

The record contains no evidence that trial counsel failed to timely interview Collins; in fact, there is no indication in the record when Collins and his trial counsel first discussed the case. The record does establish that trial counsel was first appointed and introduced to Collins at a pretrial hearing after Collins' first appointed attorney withdrew.[10] This pretrial hearing occurred approximately two months before trial. Trial counsel also represented Collins at another pretrial hearing occurring approximately one month before trial. Finally, the record contains no evidence that Collins suffered any prejudice, even if we assume trial counsel did not timely meet with Collins. We overrule Collins' first issue.

---

[9]Collins' brief includes the following statement, without further elaboration:

> [T]he record is silent as to any effort that was made by trial counsel to comply with Appellant's request, nor any effort to secure additional time for Appellant and trial counsel to prepare for trial, discuss trial strategy, develop witness lists, or otherwise properly prepare a Constitutionally-adequate defense to this case, leaving the clear indication that no such efforts were made.

The State interprets this complaint as an assertion that trial counsel failed to properly investigate. To the extent this sentence can be interpreted as claiming trial counsel failed to properly investigate, such a claim cannot be assumed from a silent record. To analyze a claim that trial counsel failed to properly investigate, an appellate court must compare the evidence presented at trial with the evidence the jury did not hear due to trial counsel's failure to investigate. *Washington v. State*, 417 S.W.3d 713, 725 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd); *see Perez v. State*, 310 S.W.3d 890, 896 (Tex. Crim. App. 2010). To the extent Collins argues a failure to investigate, the record does not support a conclusion either that trial counsel's performance was deficient or that it resulted in prejudice to Collins.

[10]Collins' first attorney had been involved in the prosecution of some of Collins' prior offenses.

## II.     Retained Counsel of His Choice

Collins claims in his second issue that the trial court denied him the opportunity to be represented by retained counsel of his choice. On September 13, 2013, Collins filed a pro se, unverified motion for continuance requesting that the trial date be postponed "6 months to prefe[r]ably a year" to permit him to hire retained counsel of his choice. Immediately prior to voir dire on September 16, 2013, the trial court denied Collins' motion. Collins informed the trial court that he had sold his pickup truck and also needed time to be treated at Glen Oaks Hospital for mental distress. Collins argues on appeal that the trial court erred in denying this motion for continuance—particularly because the State was not prepared for trial on the originally scheduled date of September 17, 2013.[11] Collins never filed a motion to substitute counsel.

An accused person has a right to secure retained counsel of his own choice.[12] The right to retained[13] counsel of his choice, though, "'is circumscribed in several important respects.'" *Gonzalez-Lopez*, 548 U.S. at 144 (quoting *Wheat v. United States*, 486 U.S. 153, 159 (1988)).

---

[11]The chemist who performed the analysis of Collins' blood test was ill and unavailable to testify on September 17. The State proposed using another chemist to testify concerning the laboratory report. Collins objected, asserting his right to cross-examine the chemist who actually performed the analysis. *See Bullcoming v. New Mexico*, 131 S. Ct. 2705, 2719 (2011) (Confrontation Clause requires defendant have opportunity to confront analyst who prepared report); *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 329 (2009) (admission of laboratory report without providing defendant opportunity to cross-examine person who signed report violated Confrontation Clause). The trial court postponed the trial one week until September 23, 2013, to permit the chemist to recover from his illness.

[12]*United States v. Gonzalez-Lopez*, 548 U.S. 140, 144 (2006) (deprivation of defendant's Sixth Amendment right to counsel of choice was "structural" and not subject to review for harm).

[13]Collins did not have a right to appointed counsel of his choice. *See Burgess v. State*, 816 S.W.2d 424, 428 (Tex. Crim. App. 1991); *Webb v. State*, 533 S.W.2d 780, 784 n.3 (Tex. Crim. App. 1976); *Tutt v. State*, 339 S.W.3d 166, 173 (Tex. App.—Texarkana 2011, pet. ref'd). Collins never requested to represent himself and did not allege his appointed counsel had an actual conflict of interest.

"A defendant has no right to choose counsel he cannot afford, counsel who is not a member of the bar, or counsel with an impermissible conflict of interest." *Kaley v. United States*, 134 S. Ct. 1090, 1107 (2014). Further, a defendant cannot wait until the day of trial to demand different counsel or to request that counsel be dismissed so that he or she may retain other counsel. *Neal v. State*, 689 S.W.2d 420, 427 (Tex. Crim. App. 1984); *Gilmore v. State*, 323 S.W.3d 250, 264 (Tex. App.—Texarkana 2010, pet. ref'd).

Collins' motion for a continuance, while written, was not verified. A motion for continuance must be in writing and sworn to by a person having knowledge of the facts. TEX. CODE CRIM. PROC. ANN. art. 29.08 (West 2006). When a motion for continuance is not sworn, error is not preserved for appellate review. *Dewberry v. State*, 4 S.W.3d 735, 755 (Tex. Crim. App. 1999); *Toliver v. State*, 279 S.W.3d 391, 402 (Tex. App.—Texarkana 2009, pet. ref'd); *Johnson v. State*, 257 S.W.3d 778, 781 (Tex. App.—Texarkana 2008, pet. ref'd) (motion in writing, but not sworn). This issue has not been preserved for our review.

Further, Collins had not yet retained counsel on the day before trial was scheduled to occur. The trial court's denial of Collins' motion for a continuance is reviewed for an abuse of discretion. *Clay v. State*, 390 S.W.3d 1, 15 (Tex. App.—Texarkana 2012, pet. ref'd). Although the trial was later postponed for one week, this postponement occurred after the trial court denied Collins' pro se motion for continuance, and the trial court was not asked to reconsider its earlier ruling. The United States Supreme Court has recognized that scheduling conflicts, under appropriate circumstances, can give a trial court discretion "to refuse to postpone the trial date and thereby, in effect, to force the defendant to forgo counsel of choice." *Gonzalez-Lopez*, 548

U.S. at 155; *see Burgess*, 816 S.W.2d at 428. Even if this issue had been preserved for our review, the trial court did not abuse its discretion in denying Collins' eleventh-hour continuance request. We overrule Collins' second point of error.

### III. The Trial Court Erred in Ordering Collins to Pay $1,500.00 in Attorney's Fees

Collins argues that the trial court erred in assessing $1,500.00 in attorney's fees as court costs and requests that this assessment be deleted from the judgment.

Collins requested court-appointed counsel, and the trial court found him to be indigent. Once a defendant is deemed indigent, he or she is presumed to remain indigent unless there is evidence of a material change in his or her financial circumstances. TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2013); *see Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010); *Roberts v. State*, 327 S.W.3d 880, 884 (Tex. App.—Beaumont 2010, no pet.); *cf. McFatridge v. State*, 309 S.W.3d 1, 6 (Tex. Crim. App. 2010) (explaining two-step process for indigence determinations for purposes of free record on appeal and appointment of appellate counsel). The record does not demonstrate that the trial court found a material change in Collins' financial circumstances or considered Collins' ability to offset the cost of the legal services provided. *See* TEX. CODE CRIM. PROC. ANN. arts. 26.04(p), 26.05(g) (West Supp. 2013). To the contrary, after sentence was orally pronounced, the trial court appointed Collins appellate counsel.[14]

Before a trial court can order payment of the fees of appointed counsel, the Texas Code of Criminal Procedure requires the court to determine whether "a defendant has financial

---

[14]Appointed appellate counsel later withdrew when Collins retained counsel for his appeal.

18

resources that enable him to offset in part or in whole" the cost of his appointed counsel.[15] TEX. CODE CRIM. PROC. ANN. art 26.05(g). "[T]he defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees." *Mayer*, 309 S.W.3d at 556 (reversing attorney's fees ordered as costs). Further, the record must reflect some factual basis to support the trial court's determination. *Barrera v. State*, 291 S.W.3d 515, 518 (Tex. App.—Amarillo 2009, no pet.) (per curiam); *see Mayer*, 309 S.W.3d at 557. The Texas Court of Criminal Appeals has held an appeal cannot be remanded to supplement the record with evidence supporting an assessment of attorney's fees as court costs. *Mayer*, 309 S.W.3d at 557. Because the trial court did not determine whether Collins had "financial resources that enable[d] him to offset in part or in whole" the costs of appointed counsel and because the record lacks any evidence establishing that Collins had the ability to pay the attorney's fees, there is insufficient evidence to support the attorney's fees assessment.

## IV. The Record Contains Some Basis to Support the Remaining Court Costs Assessment

Collins' final complaint is that the record contains no evidence to support the other court costs assessed by the trial court.

Unlike attorney's fees, a trial court can order an indigent defendant to pay court costs, provided payment is not demanded before the trial court proceedings have concluded. *Hill v.*

---

[15]This opinion should not be interpreted as suggesting that a court cannot condition community supervision on payment of attorney's fees without evidence of an ability to pay. The Texas Code of Criminal Procedure expressly allows such conditions. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 11(a)(11) (West Supp. 2013); *cf. Bearden v. Georgia*, 461 U.S. 660, 672 (1983) (recognizing imprisonment due to poverty can be equal protection violation and requiring trial court to inquire into ability to pay).

*State*, No. 06-12-00163-CR, 2013 Tex. App. LEXIS 5060, at \*15 (Tex. App.—Texarkana Apr. 24, 2013, no pet.) (mem. op., not designated for publication). The original record in this case did not contain a bill of costs, and the State did not request supplementation of the record with a bill of costs. Instead, the State merely argued that the record could be supplemented with a bill of costs.

The Texas Court of Criminal Appeals and this Court have held that the appellate record can be supplemented with a bill of costs. *See Johnson v. State*, 423 S.W.3d 385, 392 (Tex. Crim. App. 2014); *Allen v. State*, 426 S.W.3d 253, 257 (Tex. App.—Texarkana 2013, no pet.). The Texas Court of Criminal Appeals reasoned that "court costs are not part of the guilt or sentence of a criminal defendant, nor must they be proven at trial." *Johnson*, 423 S.W.3d at 390.

In *Johnson*, the Texas Court of Criminal Appeals held that a record can be supplemented with a bill of costs, but there is no requirement that an appellate record contain a bill of costs if the record contains some basis to support the court costs assessed. *Id.* at 395 (recognizing limited appellate review when assessment supported by some basis). The court emphasized that supplementation with a bill of costs is distinguishable from other record supplementations because bills of costs are authorized to be produced after trial, they are produced by the trial court clerk rather than the trial judge, the trial court clerk has a ministerial duty to prepare and send a bill of costs, and court costs are a collateral matter to a defendant's guilt or punishment. *See id.* at 391 n.4. The court later explained, "[T]he bill of costs merely documents reimbursable court costs already accrued in connection with a defendant's case." *Id.* at 392.

*Johnson* concluded, "[A]n appellant is not prejudiced by the supplementation of the record under these circumstances. . . ." *Id.* The court also noted that it had been directed to no "statutory language or precedential authority, nor ha[d] [it] found any, that would prevent a court of appeals from ordering an officer of the trial court to supplement the record with a bill of costs." *Id.* at 391. Thus, *Johnson* suggests that this Court's general obligation, held concurrently with the parties, to ensure an accurate and complete record is filed applies to a bill of costs. *See* TEX. R. APP. P. 34.5, 35.3. The record has now been supplemented with a bill of costs. We conclude that the limited appellate review announced in *Johnson* does not require us to independently audit the statutory authorization of each individual fee or reconcile the monetary difference between the judgment and the supplemented bill of costs.

A review for "some basis" is much more deferential than other sufficiency reviews. Each county may assess discretionary fees differently and label fees differently, making a comprehensive review difficult on a limited record. This problem is demonstrated in this case, which includes fees we cannot identify from their titles. Given the Texas Court of Criminal Appeals' explicit caution that our review is for "some basis," we conclude that a court costs assessment in a judgment has some basis in the record if the bill of costs equals or exceeds the amount assessed in the judgment.[16]

The supplemented bill of costs in this case, specifying court costs of $688.00, provides some basis in the record to support the assessment of $504.00 in court costs.

---

[16]As noted above, the record only affirmatively establishes that the bill of costs includes $30.00 in unauthorized fees. The total court costs specified in the bill of costs still exceeds the specific amount in the judgment, even if the bill of costs is reduced by $30.00 to $658.00.

21

## V.     Conclusion

For the reasons stated, we modify the judgment of the trial court by deleting the $1,500.00 attorney's fees assessment and affirm the judgment, as modified.


                                                    Jack Carter
                                                    Justice


Date Submitted:       March 20, 2014
Date Decided:         May 30, 2014

Do Not Publish